UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO PEREZ, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 20-10930-MPK |
| M. LICON-VITALE, | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

February 2, 2021

Kelley, U.S.M.J.

Having considered the Respondent's Motion to Dismiss the Petition and/or an Extension with Memorandum in Support (##34, 35) and Petitioner's Response and Motion for Injunctive Relief (##36, 37), the Court denies the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 without prejudice to the filing of a *Bivens* action.

I. Relevant Background.

On October 17, 2019, petitioner Marco Perez ("Perez"), while in custody at FCI Danbury, filed his self-prepared Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with the United States District Court for the District of Connecticut. (#1.) Perez seeks immediate back surgery, alleging that Respondent has been deliberately indifferent to his serious medical need. *Id.* The petition was served and, after receiving an extension of time, Respondent filed a response for denial of the petition or, in the alternative, additional time to supplement the record. (#10.) Respondent argued that she was not deliberately indifferent to Perez's serious medical need. *Id.*

On February 3, 2020, Respondent was ordered to file a supplemental response. (#12.) On March 31, 2020, Perez filed a motion seeking, among other things, to expand the scope of his petition from his arrival at FCI Danbury on May 5, 2019, to the onset of his incarceration in 2016. (#15.) The Court did not rule on Perez's motion and Respondent filed a supplemental response on April 10, 2020. (#18.) Respondent argued, among other things, that an Eighth Amendment claim must be brought as a complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.*

Perez was transferred from FCI Danbury to FMC Devens and, consequently, the habeas action was transferred here because the custodian is within the District of Massachusetts. (#19.) On May 15, 2020, the action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (#21.) All parties consented to jurisdiction by the Magistrate Judge. (##26, 32.)

Now pending before the Court are Petitioner's Motion to Appoint Counsel (#29); Respondent's Motion to Dismiss the Petition and/or an Extension with Memorandum in Support (##34, 35); Petitioner's Response (#36); and Petitioner's Motion for Injunctive Relief. (#37.)

Respondent states that on August 24, 2020, Perez was sent to Saint Elizabeth's Hospital for pain management and that on October 29, 2020, a trial spinal cord stimulator was placed on Perez's back. (#25, p. 9.) Perez was scheduled to return in one week for placement of a permanent stimulator if the trial stimulator was deemed helpful. *Id.* Respondent states that further information concerning Perez's treatment could be sought. *Id.* Respondent also notes that an outside expert's statement was presented to the Connecticut court, *see* #10, Ex. 1 ¶12, which indicated that surgery would be risky and not certain to provide a good outcome. (#25, n. 8.)

On December 21, 2020, Petitioner filed a motion seeking an "immediate injunction . . . stopping his deportation until [Respondent provides Perez] with the spinal surgery he needs." (#37, p. 1.)[1] Perez states that since 2016, he has urgently needed spinal surgery and that he "was told by a number of neurosurgeons that because the urgently needed surgery had been delayed for so [long,] the delay had caused extreme pain, and exacerbated the injury to the point where it is no longer fully correctable." (#36, p. 1.) According to Petitioner, if the surgeon at Saint Elizabeth's Hospital had copies of his past medical records, the doctor would have seen that pain management had been tried without success and would have recommended spinal surgery. *Id.* Perez states that upon his return to Saint Elizabeth's Hospital, the trial stimulator was removed after he reported that it "was not helping." *Id.*, p. 2. Petitioner asserts that he was returned to FMC Devens without a pain management plan and without a follow-up appointment with a neurosurgeon. *Id.* Perez believes "[i]t has been the BOP's goal all along [to] delay proper treatment for the Petitioner's spinal injury that happened more than five years ago, all in the hope that he would be deported, thus avoiding a costly spinal surgery." *Id.*

## II. Discussion.

Petitioner alleges that Respondent and the Bureau of Prisons failed to provide him with spinal surgery, and that surgery has been delayed by a series of transfers since 2016. Respondent asserts several grounds for denial of the habeas petition, including that a petition for writ of habeas corpus is not the proper means for Perez to bring Eighth Amendment claims and that the Prison Litigation Reform Act bars Perez's habeas claim.

---

[1] Perez is scheduled for release on June 9, 2021. See https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2021).

"Generally speaking, a petition for habeas corpus is the appropriate means to challenge the 'fact or duration' of incarceration, while challenges to the conditions of confinement are generally brought as civil rights claims under *Bivens*." *Nieves-Delgado v. Spaulding*, No. 20-10817-NMG, 2020 WL 5849487, *2 (D. Mass. 2020) (citing *Graham v. Sabol*, 734 F. Supp. 2d 194, 204 (D. Mass. 2010)). "If the petitioner explicitly asserts that release is necessary to protect him from immediate harm, the petition will have sufficiently alleged a challenge to the fact or duration of his confinement such that a habeas claim is proper." *Id.* (citations omitted). "When a claimant objects to prison conditions, however, especially those involving inadequate medical treatment, courts 'usually find habeas relief unavailable." *Id.* (citation and quotation marks omitted).

Here, Perez challenges the conditions of his confinement, i.e., his medical treatment, but fails to challenge the legality or duration of his confinement. In these circumstances, Perez inappropriately seeks relief by habeas petition, and the Petition must be denied.

### III.  Conclusion.

For the foregoing reasons, the Court denies the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 without prejudice to Perez pursuing his claim for deliberate indifference to his serious medical needs by filing a *Bivens* action.

SO ORDERED.

/s/ M. Page Kelley
M. PAGE KELLEY
Chief United States Magistrate Judge